# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**EWAN SAMUELS,**

          **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　**Case No.  6:06-cv-691-Orl-28JGG**

**SGM ENTERPRISES, INC., ANURADHA G. PAI,**

          **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT NOTICE OF FILING AND JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AS STIPULATED FINAL JUDGMENT (Doc. No. 31)**
>
> **FILED:** April 13, 2007
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

This case was brought under the Fair Labor Standards Act (FLSA). 29 U.S.C. § 201, *et seq.* In *Lynn's Food Stores, Inc. v. United States*, the United States Court of Appeals for the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the

payment of back wages, or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness." 679 F.2d 1350, 1352-55 (11th Cir. 1982).

On May 8, 2007, I held a hearing to consider the fairness of the settlement. According to his counsel, under the settlement agreement Plaintiff Ewan Samuels will receive all of the allegedly unpaid overtime premium due him. According to counsel for the defendants, based on a review of their records, the settlement fully compensates Samuels for any amounts to which he may be entitled under the FLSA.

Based on the foregoing, I conclude that the proposed settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA and recommend that the Court approve the settlement.

However, paragraph 7 of the settlement agreement contains a confidentiality agreement that should not be approved by the Court. In order for the settlement agreement to be approved, it was necessarily filed in the public record in this case. As such, the settlement agreement is no longer confidential.

The parties request that if the Court approves the settlement, it not dismiss the matter until payment has been tendered. Accordingly, I respectfully recommend that the Court approve the settlement, except that the Court decline to enforce the confidentiality

provision in light of the public filing of the settlement agreement, and give Samuels fifteen days thereafter to file a notice of dismissal with prejudice.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 8, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy